***********
Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, except for minor modifications, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. An employee-employer relationship existed at the time of the compensable incident.
2. Wal-Mart Stores, Inc. was the relevant employer at the time of the incident, and American Home Assurance Company is the relevant insurer.
3. All parties are subject to the North Carolina Workers' Compensation Act, the employer employing the requisite number of employees to be bound under the provisions of the Act at the time of the incident.
4. On October 11, 1999, plaintiff sustained a compensable injury by accident arising out of and in the course of his employment with defendant-employer, and that injury was a left inguinal hernia.
5. In light of the stipulations as contained in the Pre-Trial Agreement and other developments which have occurred throughout this case, defendants are not required to have submitted a Form 33R in this matter.
6. Plaintiff has no pending claim for the payment of past, present or future impairment of wage earning capacity or for medical treatment. The sole issue before the Commission at this time is whether plaintiff is entitled to receive permanent partial disability compensation.
 ***********
Based upon all the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. As a direct result of plaintiff's compensable October 11, 1999 injury, on October 20, 1999 plaintiff presented with a left inguinal hernia to Dr. Selden. On October 28, 1999, Dr. Selden surgically repaired plaintiff's hernia using mesh, which dramatically reduces the recurrence of hernia.
2. On or about December 3, 1999, in response to questions from defendant-employer, Dr. Selden was of the opinion that plaintiff would be released from her care with no permanent impairment in two weeks. Plaintiff subsequently was released without restrictions two weeks later. Dr. Selden was also of the opinion at that time that she did not anticipate a need for permanent restrictions for plaintiff.
3. Plaintiff was last seen or treated by Dr. Selden on December 6, 1999.
4. Plaintiff returned to Wal-Mart at full duty work.
5. In response to an inquiry from plaintiff's attorney, on November 30, 2000, Dr. Selden wrote that plaintiff should not lift more than ten to fifteen pounds and that he had a 10% permanent partial disability rating. At her deposition, Dr. Selden stated that her reason for giving plaintiff a 10% disability rating was that plaintiff might reherniate.
6. There is no evidence in the record that plaintiff sustained any loss of or permanent injury to any important external or internal organ or part of the body. Dr. Selden's 10% disability rating does not provide information regarding any loss of or permanent injury to any important external or internal organ of the body. Furthermore, the record contains no evidence as to what part of the body would be subject to such a rating.
 ***********
Based upon the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff has not sustained any compensable injury to an important organ or part of the body which would entitle him to compensation under N.C. Gen. Stat. § 97-31(24).
2. Under the law, plaintiff's claim for additional compensation must be denied.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff has not sustained any compensable injury to an important organ or part of the body which would entitle him to compensation under N.C. Gen. Stat. § 97-31(24). Therefore, plaintiff's claim must be, and the same is, DENIED.
2. Each side shall pay its own costs.
This the ___ day of January 2003.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/_____________ THOMAS J. BOLCH COMMISSIONER
LKM/kjd